```
                                                    FILED
                                            CLERK, U.S. DISTRICT COURT

                                                 SEP -1 2015

                                            CENTRAL DISTRICT OF CALIFORNIA
                                            BY                      DEPUTY
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) Case No. SA 15-CR-80 |
|---|---|
| Plaintiff, | ) |
| | ) ORDER OF DETENTION |
| v. | ) |
| Francis E. Wilde, III, | ) |
| Defendant. | ) |

I.

A.   ( )   On motion of the Government in a case allegedly involving:

    1.   ( )   a crime of violence.

    2.   ( )   an offense with maximum sentence of life imprisonment or death.

    3.   ( )   a narcotics or controlled substance offense with maximum sentence of ten years or more.

    4.   ( )   any felony - where defendant convicted of two or more prior offenses described above.

///

///

|     |     |     |     |     |     |     |
| --- | --- | --- | --- | --- | --- | --- |
|     | 5.  | ( ) | any felony that is not otherwise a crime of violence that involves a minor victim, or possession or use of a firearm or destructive device or any other dangerous weapon, or a failure to register under 18 U.S.C. § 2250. | | | |
| B.  | (X) | On motion by the Government/( ) on Court's own motion, in a case allegedly involving: | | | | |
|     | (X) | On the further allegation by the Government of: | | | | |
|     |     | 1.  | (X) | a serious risk that the defendant will flee. | | |
|     |     | 2.  | ( ) | a serious risk that the defendant will: | | |
|     |     |     |     | a.  | ( ) | obstruct or attempt to obstruct justice. |
|     |     |     |     | b.  | ( ) | threaten, injure or intimidate a prospective witness or juror, or attempt to do so. |
| C.  | The Government ( ) is/(X) is not entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community. | | | | | |

## II.

|     |     |     |     |     |
| --- | --- | --- | --- | --- |
| A.  | (X) | The Court finds that no condition or combination of conditions will reasonably assure: | | |
|     |     | 1.  | (X) | the appearance of the defendant as required. |
|     |     |     | (X) | and/or |
|     |     | 2.  | (X) | the safety of any person or the community. |
| B.  | ( ) | The Court finds that the defendant has not rebutted by sufficient evidence to the contrary the presumption provided by statute. | | |

///
///
///

2

## III.

The Court has considered:

A. ( X )  the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

B. ( X )  the weight of the evidence against the defendant;

C. ( X )  the history and characteristics of the defendant; and

D. ( X )  the nature and seriousness of the danger to any person or the community.

## IV.

The Court also has considered all the evidence presented at the hearing and the arguments and/or statements of counsel, and the Pretrial Services Report/recommendation

## V.

The Court bases the foregoing finding(s) on the following:

A. ( X )  As to flight risk:

- Failure to self-surrender after (1) learning about the arrests of co-defendants, (2) speaking with an agent on the phone personally on 8/18 and being informed of the arrest warrant, and and (3) after 8/19 when agents had informed an attorney with whom Defendant was communicating, Mr. Arouty, that Defendant needed to self-surrender by 8/24, and did not need to travel to California to do so. Defendant was ultimately arrested on 8/27 after the government used pings from his cellphone to locate him.
- Extensive and recent foreign travel, according to the PSA report
- Unstable residence – Defendant reports that he has been living in various hotels in Texas since August of 2013
- Lack of Bail Resources – Defendant reports that he is already the subject of an

FCC judgment that makes him 1 of 5 people responsible for paying $15 MM in restitution. While Defendant suggests that his friend, Mr. Jon Divens, serve as a surety, Mr. Divens also does not own any significant property. The Government has rejected Mr. Divens' as a surety because Mr. Divens was disbarred in 2013 for matters involving dishonesty in the handling of funds in a fraud scheme with Defendant.

- Lack of amenability to court orders, as shown by investor solicitation activities post-dating the SEC injunction.
- Apparent inconsistencies and evasion in dealing with law enforcement. For example:

    ◊ On 8/18, when speaking with a SA on the phone, Defendant told the agent he was in Florida. Defendant's wife later told the agent that Defendant was in Texas, not Florida. Defendant also asked that the warrant be removed from the NCIS system.

    ◊ On Tuesday, 8/18, the FBI obtained information that Defendant had paid for a hotel room at the Residence Inn in Lewisville, TX through the end of the weeks. On 8/19, a SA spoke with Defendant's wife at that location. On Thursday, 8/20, the hotel notified the SA that Defendant's wife had checked out of that hotel.

    ◊ Defendant's wife reports that he makes substantially more than Defendant reports.

    ◊ Defendant denied to PSA having any bank accounts other than a Merrill Lynch account. It was discussed on the record that he has or had a bank account in Austria and shares an account with his wife at Bank of America where his Social Security checks are deposited.

B. ( X ) As to danger:

- The Court notes that financial or economic danger to the community is a proper consideration under the Bail Reform Act.

- The nature and scope of the charged crimes, involving financial dishonesty.
- The concern that Defendant engaged in fraudulent activity even after his indictment. Specifically, on August 18, an FBI SA spoke with two individuals regarding checks drawn on their accounts and deposited into a bank account for a company established by Defendant. Both individuals reported that Defendant had solicited the funds to "start a company to provide services to military veterans." Defendant's financial records show similar checks from three other individuals.

## VI.

A.    ( )    The Court finds that a serious risk exists the defendant will:

     1.    ( )    obstruct or attempt to obstruct justice.

     2.    ( )    attempt to/ ( ) threaten, injure or intimidate a witness or juror.

B.    The Court bases the foregoing finding(s) on the following:

## VII.

A.    IT IS THEREFORE ORDERED that the defendant be detained prior to trial.

B.    IT IS FURTHER ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

C.    IT IS FURTHER ORDERED that the defendant be afforded reasonable opportunity for private consultation with counsel.

D.    IT IS FURTHER ORDERED that, on order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined deliver the defendant to a United States

Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: September 01, 2015

*Karen E. Scott*

KAREN E. SCOTT
United States Magistrate Judge